UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

Case No. **00-6311-Cr-Huck**

**CHARLIE HALL,**

    Defendant.
_____/

## MOTION FOR SEVERANCE AND FOR RELIEF FROM PREJUDICIAL JOINDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF

**COMES NOW** the Defendant, **CHARLIE HALL**, by and through his undersigned counsel, pursuant to **Rule 14, Federal Rules of Criminal Procedure**, respectfully moves this Honorable Court for a severance in this cause, and as grounds therefore would show:

1. The Defendant is charged in a forty-three [43] Count Indictment with eight [8] co-defendants.

2. The Defendant has been made aware of certain post-arrest, or post-conspiracy statements made by a co-defendant which may reasonably tend to inculpate this Defendant. The nature of these statements was provided by the Government in its response to the Standing Discovery Order.

3. It is anticipated that the Government will seek to introduce these statements in evidence at a joint trial.

4. There is a substantial likelihood of real prejudice to the Defendant from the admission of his co-defendant's statements.

5. Accordingly, there exists substantial and compelling reasons for this Court to sever the trial of **Charlie Hall** from that of his co-defendants.

6. It is respectfully requested that an evidentiary hearing be conducted, so that a more complete presentation of the facts and circumstances hereunder may be offered to the Court.



## MEMORANDUM OF LAW

The facts and circumstances of the instant case, the Defendant respectfully submits, would require this Court to sever the trial of the Defendant from that of his co-defendant.

In recognizing severance as an appropriate remedy, the Eleventh Circuit has stated in *United States v. Lippner*, 676 F.2d 456 (11th Cir. 1982) that:

> "Our analysis of this claim must begin with the accepted principle that defendants jointly indicted should be so tried. *United States v. Sullivan*, 578 F.2d 121 (5th Cir. 1978). An exception to this rule may be enforced where such joinder would cause the defendant undue prejudice. *F.R. Cr. P. 14*. In determining a motion for severance brought on such grounds, the trial judge is empowered to exercise sound discretion in balancing possible prejudice to the defendant against governmental concern for judicial economy. *United States v. Staller*, 616 F.2d 1284 (5th Cir. 1980). Inherent in every joint trial is, of necessity, some degree of bias. Only in event such prejudice appears to be compelling does severance become warranted. *United States v. Perez*, 489 F.2d 51 (5th Cir. 1973)."

Id at 464.

The Court in *Lippner* continued and set forth the test for assessing the existence of **"compelling prejudice"** in terms of the following question: ". . . Can the jury keep separate the evidence that is relevant to each defendant and render fair and impartial verdicts as to him?". The Defendant submits that the totality of the circumstances in the case *sub judice* present the compelling prejudice contemplated by the Court in *Lippner*, and therefore require the remedial measure of severance.

In *Bruton v. United States*, 391 U.S. 123 (1968), the United States Supreme Court held that the admission of a co-defendant's confession which implicates a defendant at a joint trial

-2-

constitutes reversible error even where the court delivers a clear, concise and understandable cautionary instruction that it can only consider the co-defendant's confession with regard to that co-defendant, and must be disregarded with respect to the defendant. The ***Bruton*** court reasoned that, because of the substantial risk that the jury, despite instructions to the contrary, looked to the inculpatory extrajudicial statements of the co-defendant in determining the defendant's guilt, the admission of the co-defendant's confession at their joint trial violated the defendant's right of cross-examination secured by the ***Confrontation Clause of the Sixth Amendment***. Id. at 126. The Court citing its opinion in ***Pointer v. Texas, 380 U.S. 400 (1965)***, premised its ruling by stating that the right of cross-examination is included in the right of an accused in a criminal case to confront witnesses against him.

The Court condemned the introduction of powerfully incriminating extrajudicial statements of a co-defendant who stands accused side by side with the defendant since the inherent unreliability of the statement is often not appreciated by jurors. It then went on to explain that without the opportunity to exercise the constitutional right to cross-examine one's condemnor, an accused suffers a disadvantage so unfair as to be constitutionally intolerable.

The United States Supreme Court again expressed its belief in the ***Bruton*** decision, in ruling upon ***Cruz v. New York, 107 S.Ct. 1714 (1987)***. The Court in passing on an issue spinning out of the ***Bruton Principle*** once again affirmed its prior holding in an obvious exercise of sound judicial judgment.

In sum, the totality of the circumstances in the instant case would compel this Court to grant a severance. It is without question that the co-defendant's post-conspiracy, post arrest statements, when presented to the jury in a joint trial would be prejudicial to **Charlie Hall**.

Finally, it is anticipated that a separate trial of the defendant would last, at the very most, ten (10) days. As such, separate trial would not be inconvenient nor prejudicial to the government

-3-

nor be a restrain on judicial economy. It is clear then that a joint trial in the instant case would not only result in a likelihood of substantial prejudice, but virtually assure such prejudice. *United States v. Morgan, 394 F.2d 973 (6th Cir. 1968).* See also *Lee v. Illinois, 476 U.S. 530 (1989).*

**WHEREFORE,** based on the above and foregoing, the Defendant respectfully requests this Honorable Court to sever his trial from that of the co-defendants.

Respectfully submitted,

**REEMBERTO DIAZ, P.A.**
Attorney for Defendant
1435 South Miami Avenue
Miami, Florida 33130
Telephone: (305) 446-0001
Facsimile: (305) 662-4756

By _____
Reemberto Diaz, Esq.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/delivered to the Office of the United States Attorney at 500 East Broward Blvd., 7th Floor, Fort Lauderdale, Florida 33394, and to all counsel of record on this 12th day of February, 2001.

_____
**COUNSEL**