UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

CHARLIE HALL,

    Defendant.
_____/

Case no. **00-6311-Cr-Huck**

## DEFENDANT'S MOTION TO SUPPRESS AND MEMORANDUM OF LAW

**COMES NOW** the Defendant, **CHARLIE HALL**, by and through his undersigned counsel, and pursuant to the **Fifth and Sixth Amendments** to the **United States Constitution** and **Rule 41**, of the **Federal Rules of Criminal Procedure**, and respectfully moves this Honorable Court to suppress all oral and written statements alleged to have been made by the Defendant to Government Agents, and as grounds therefore state:

1. Certain oral statements were obtained from the Defendant before or after his arrest by Government agents.

2. The Government informs counsel that it intends to introduce these statements at trial against the Defendant.

3. These alleged statements were made **involuntarily**. Additionally, the Defendant . He is an elderly uneducated gentleman who because of his physical condition lacks the ability to voluntarily waive his constitutional rights. Additionally, the Defendant was treated in such a way as to suggest to him that by



cooperating with the Government, he would not be arrested.

4. The Defendant's alleged waiver of his right to counsel and his right to remain silent, if made at all, was not done knowingly voluntarily and intelligently.

## MEMORANDUM OF LAW

The Defendant's purported confession and/or statements are inadmissible because they were involuntarily made. To be admissible, a confession must be "free and voluntary", that is, it must not be extracted by any sort of threats or violence, nor obtained by direct or implied promises, however slight, nor by the exertion of any improper influence. *Brady v. United States*, 397 U.S. 742, 753 (1970). Thus, the true test of admissibility of a confession is whether it was made freely, voluntarily and without inducement of any sort. *Wilson v. United States*, 162 U.S. 613, 623 (1960); and *Haines v. State of Washington*, 373 U.S. 503 (1963).

Involuntary confessions are inherently untrustworthy; thus; where it appears that the police in questioning the Defendant had an undeviating intent to extract the confessions from him, their interrogation process must be carefully scrutinized. *Hanover v. New York*, 360 U.S. 315, 324 (1959). Since the question of whether a confession is the product of a free will must be answered on the facts of each case and no one fact is dispositive, *Brown v. Illinois*, 442 U.S. 590, 604 (1975), a complete

inquiry surrounding the circumstances of the alleged statement by the Defendant, is mandated.

Failure to clearly inform the Defendant prior to questioning him, that he is entitled to the advice of counsel before and during the interrogation renders the resulting statement inadmissible. *Atwell v. United States*, *398 F.2d 507 (5th Cir. 1968)*. In *Atwell*, the interrogator advised the Defendant that he could consult with counsel at "any time". In reversing the conviction the Fifth Circuit Court of Appeals held that the "at any time" advisement did not "comply with Miranda's directive...that an individual held for interrogation must be clearly informed that he as the right to consult with a lawyer and to have the lawyer with him during the interrogation..." See *398 F. 510*. The Court further held that only a clear warning can assure the Defendant was aware of his rights. See, *Gilpin v. United States*, *415 F.2d 638 (5th Cir. 1969)*, wherein the Fifth Circuit first found that advising a Defendant that "we have no way of giving your wish if you go to Court" did not convey the notion that he was entitled to a lawyer then and there and thus held the confession inadmissible.

The Defendant was not adequately advised of his right to counsel and thus did not knowingly, voluntarily and intelligently waive such right. The Defendant was not provided with any explanation of his *Miranda Warnings*. Therefore, the statements alleged to have been made by him were obtained in violation of the directives of *Miranda v. Arizona*, *384 U.S. 436 (1966)*.

Notwithstanding *Miranda Warnings*, of course, the Government must also show that any statements made by Hall were made voluntarily. That is even if *Miranda Warnings* were given prior to interrogation beginning, the Government must nevertheless prove by a preponderance of the evidence before those statements can be admitted at trial that any statements made by the Defendant were made voluntarily. <u>Colorado v. Connelly</u>, *479 U.S. 157, 163 (1986)*. The Defendant therefore moves for suppression of any statements allegedly made by him, including those purportedly made pre-arrest, as involuntary.

**WHEREFORE,** for the foregoing reasons and any others that might arise on an evidentiary hearing on this matter, the Defendant, respectfully requests this Honorable Court to grant the instant motion and suppress all statements alleged to have been made by him, or any reference to same, as it was obtained in violation of his rights under the **United States Constitution**.

Respectfully submitted

**REEMBERTO DIAZ, P.A.**
Attorney for Defendant
1435 South Miami Avenue
Miami, Florida 33130
Telephone: (305) 446-0001

By _____
Reemberto Diaz, Esq

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to the **Office of the United States Attorney,** at 500 East Broward Blvd., Suite 700, Fort Lauderdale, Florida 33394, on this 12th day of February, 2001, and to all counsel of record.

_____
COUNSEL