UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA,**

    Plaintiff,

-vs-

**CHARLIE HALL,**

    Defendant.

_____/

Case no. **00-6311-Cr-Huck**

## MOTION IN LIMINE TO EXCLUDE INADMISSIBLE 404(b) EVIDENCE

    **COMES NOW** the Defendant **CHARLIE HALL**, by and through his undersigned counsel and files this *Motion in Limine to Exclude Inadmissible 404(b) Evidence* and states as follows:

    1. The Government has informed the undersigned counsel in its discovery response of its intention to introduce at trial evidence of other crimes against this Defendant. These past crimes include but are not limited to simple battery as well as allegations of other drug offenses.

    2. The Government should not be permitted to introduce evidence of **Mr. Hall's** prior criminal history. That evidence as described in the discovery response is clear and unmistakable inadmissible *404(b)* evidence. The only possible purpose for admitting that evidence regarding **Mr. Hall** alleged prior misconduct is to prove the character of **Mr. Hall** in order to show action in conformity therewith. That is contrary to *Rule 404 (a) & (b), Federal Rules of Evidence*; See also *Boyd v. United States, 142 U.S. 450 (1892)*( Proof of prior convictions only tended to prejudice the

defendants with the jurors, to draw their minds away from the real issue, and to produce the impression that they were wretches whose lives were of no value").

3. Evidence of past wrongs is admissible in limited circumstances to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident..." See **Rule 404(b) Federal Rules of Evidence**. In order for that evidence to be admitted, a three part test must be met. **United States v. Beechum, 582 F.2d 989 (5th Cir. 1978) en banc**. "First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of **Rule 403**." **United States v. Delgado, 56 F.3d 1357 (11th Cir. 1995)** citing **United States v. Miller, 959 F.2d 1535,1538 (11th Cir. 1992) en banc**.

4. The Government cannot meet this three part test. The defendant's prior conviction is not relevant to any issue besides his character. The same can be said for any other uncharged prior criminal history. That prior conduct, even if accurate, has nothing to do with this case and those previous incidents would only bee offered by the Government to prejudice the jury and draw their minds away from the real issue- whether **Mr. Hall** participated in the alleged illegal activity in this case. Evidence of Defendant's prior conviction or uncharged criminal activity clearly offends the rule against propensity/character evidence and should be excluded. See **United States v. Utter, 97 F.3d 509 (11th Cir. 1996)**, here the Court reversed the trial court for admitting evidence of defendant's prior threats to burn persons' belongings in a case of arson. In **United States v. Young, 39 F.3d 1561, 1572 (11th Cir. 1998)**, the Court held that it was error to admit evidence of Defendant's production

of alcohol in a trial for drugs. In *United States v. Mills, 39 F.3d 1561, 1572 (11th Cir. 1994)* the Court held it was error to admit evidence of prior falsification of customs declaration in trial for falsification of passenger manifest.

5. Nevertheless, the Government asserts that the prior conviction and prior criminal history of the defendant is relevant to identity, knowledge and intent. The Government is clearly wrong. First, it is not identity evidence. If extrinsic evidence is offered to prove identity, the likeness of the offenses is the crucial consideration. The physical similarity must be such that it marks the offenses as the handiwork of the accused. *United States v. Clemons, 32 F.3d 1504 (11th Cir. 1994); United States v. Cardenas, 895 F.2d 1338 (11th Cir. 1990)*; and *United States v. Jones, 28 F.3d 1574 (11th Cir. 1994)*.

6. In *Clemmons*, the Government was permitted to introduce evidence of three prior car jacking because they were almost identical to the charged offense. In their prior episodes, as in the charged offense, the defendant was driven around looking for a suitable car and then stole the car at gun point; each car jacking involved a small sports car; the car was taken to the same location and repaired and then either disposed of or returned. The Court held that this showed a pattern or a practice- a signature, if you will. There is no signature crime(s) here to speak of as it applies to this case and **Mr. Hall**.

7. As to knowledge and intent, again that prior criminal conduct does not fit the bill. First most of it is too old to be relevant to any issues of knowledge and intent, and extrinsic evidence of this nature cannot be admitted unless is close in time. *United States v. Wyatt, 762 F.2d 908 (11th Cir. 1985)*.

8. Finally, the prejudice outweighs any probative value this evidence could have.

**WHEREFORE** the Defendant moves this Honorable Court to have an evidentiary hearing to sort out this prior criminal history and exclude same from the trial of this cause.

Respectfully submitted

**REEMBERTO DIAZ, P.A.**
Attorney for Defendant
435 South Miami Avenue
Miami, Florida 33130
Telephone: (305) 446-0001

By _____
Reemberto Diaz, Esq

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to the **Office of the United States Attorney**, at 500 East Broward Blvd., Suite 700, Fort Lauderdale, Florida 33394, on this 12th day of February, 2001, and to all counsel of record.

_____
COUNSEL

-4-