UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6311-CR-HUCK



UNITED STATES OF AMERICA,

    Plaintiff,

VS.

CLARENCE LARK, Et Al.

    Defendants
_____/

GOVERNMENT'S RESPONSE TO MOTIONS TO SEVER DEFENDANTS AND COUNTS

    Comes now the United States and hereby files it response to the motions to sever defendants and counts filed by the following defendants: 1) John Gallo, 2) Charlie Hall, 3) Ricardo Mchorne and 4) Keith Lampkin.

    I The Indictment

    This case centers on the distribution of narcotics that had been smuggled into the United states through Port Everglades and the subsequent laundering of funds derived from the illegal sale of the narcotics. Contrary to the assertion made by some defendants in their motions, all defendants are charged in Count 3 of the indictment with a conspiracy to possess narcotics with the intent to distribute the drugs. The indictment charges crimes that constitute a series of acts or transactions that all relate to the distribution of drugs by a single conspiracy

composed of all the defendants. The distribution of drugs by this single conspiracy is a common thread that links all the defendants and counts in the indictment to each other. Consequently, joinder of the defendants and counts in a single indictment is not only proper but is preferred under well settled principles of federal criminal procedure.

As set forth in the indictment, the drugs were smuggled into the United States through Port Everglades by various members of Teamsters Local 390, which was under the control of defendant Clarence Lark who was President of Teamsters Local 390. Count one of the indictment charges Clarence Lark and Larry Crenshaw, Lark's brother-in-law, with violations of the Racketeer Influenced and Corrupt Organizations Statute (RICO), 18 U.S.C. § 1962(d). This Count charges, <u>inter alia</u>, that Lark and Crenshaw used their positions as officers of Teamsters local 390 to facilitate the smuggling of narcotics through Port Everglades and their subsequent distribution in South Florida and elsewhere (Count 1, Paragraph 9 Manner and Means Section).

The drugs were smuggled into the United States by Teamster Union member Willie Jackson and others, who were acting under the protection of Clarence Lark. Lark received bribe payments from Willie Jackson in exchange for Lark's protection and influence. Willie Jackson is now a government witness, after having plead guilty to a conspiracy to import over 150 kilograms of cocaine

into the United States.

In addition to the drug smuggling, Lark and Crenshaw used their positions in the Teamsters Union to extort money from union members. Specifically, Lark and Crenshaw extorted union members who worked in the movie industry to pay Lark and Crenshaw in order for the union members to be allowed to work. This extortion furthered Lark's grip over the Union, which strengthened his power to protect Willie Jackson's drug smuggling operation.

Count two charges all defendants but Ricardo Mchorne and Charlie Hall with conspiracy to import Narcotics into the United States through Port Everglades in violation of 21 U.S.C. § 963. Mchorne and Hall are not charged in this count because, although they distributed the imported narcotics, they did not personally participate in the actual importation of the drugs. Lampkin, who challenges joinder, participated in the conspiracy by physically removing cocaine from Port Everglades. (Count 2, Paragraph 12 Manner and Means Section). Gallo, who also challenges joinder, participated in the conspiracy by laundering drug proceeds on behalf of members of the conspiracy for the purpose of promoting the success of the drug organization. Gallo, through the fee charged for his money laundering services, personally profited from the smuggling and subsequent sale of the narcotics.

As previously noted, all defendants are charged with

conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, in Count 3 of the Indictment. Mchorne and Hall, both of whom challenge joinder, are charged with conspiring to distribute hundreds of kilograms of cocaine in South Florida and elsewhere. (Count 3, Paragraphs 4-6, Manner and Means Section). Gallo facilitated and promoted the sale of drugs by laundering the illegal proceeds of those sales through his pornography companies.

Count 4 charges defendants Lark and Crenshaw with laundering drug proceeds through Star's Choice, a company controlled by lark and Crenshaw that rented vehicles to the movie and television industry that were used transport production equipment. Count 5 charges defendant Gallo with laundering drug funds through pornography companies. These companies were formed from drug proceeds generated by Willie Jackson, who was smuggling the drugs under the protection of Teamsters President Lark. The remaining counts, 6 through 43, charge various substantive drug and money laundering violations.

II  The Defendant are Properly Joined in a Single Indictment

A. General Principles

It is well settled that two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense. Fed.

R. Crim. Pro. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. For these reasons, we repeatedly have approved of joint trials." Zafiro v. United States, 506 U.S. 538, 537 (1993)(quotations and citations omitted). As succinctly noted by the Eleventh Circuit, "the general rule is that defendants indicted together should be tried together. This rule is particularly applicable in conspiracy cases." United States v. Cassano, 132 F. 3d 646, 651 (11th Cir. 1998) (quotations and citations omitted)

The defendants allege that the indictment violates Fed. R. Crim Pro. 8(b) in that it is improper to join the RICO, drugs and money laundering counts. The defendants further assert that even if joinder were proper under Rule 8(b) they should be severed because joinder would result in unfair prejudice. The defendants' motions are without merit and should be denied.

B *Joinder of Counts is Proper Under Rule 8*

It is well settled that the litmus test for joinder of defendants under Rule 8(b) is whether the acts described in the indictment are tied by a "common thread" to each other or the other participants. United States v. McLain, 823 F.2d 1457, 1467 (11th Cir. 1987); United States v. Weinstein, 762 F.2d 1522, 1541

5

(11th Cir. 1985). See also, United States v. Schlei, 122 F.3d 944, 983-84 (11th Cir. 1997)

In this case, all the counts and defendants are linked to each other by the "common thread" of the overarching conspiracy to distribute narcotics that had been smuggled into the United States through Port Everglades. All of the defendants are charged in Count three with conspiracy to possess narcotics with the intent to distribute the drugs. As noted in the indictment each defendant occupied different roles in the conspiracy in order to achieve the one goal of earning funds from the sale and distribution of illegal drugs. Gallo facilitated the distribution of narcotics by laundering the proceeds of the narcotics sales through his pornography companies. Hall and Mchorne are linked to the sale of narcotics in that they are alleged to have actually distributed the narcotics. Lampkin is linked to the narcotics by his efforts to physically remove the narcotics from Port Everglades so that they could be sold in South Florida and elsewhere.

Thus, there is a common thread linking the RICO, money laundering and the substantive drug distribution and importation counts. In the RICO count, Defendants Lark and Crenshaw are charged with, inter alia, using their positions within Teamsters Local 390 to facilitate the conspiracy to distribute the narcotics. In the money laundering counts, the defendants are

linked to each other by their efforts to launder proceeds derived from the sale of illegal narcotics charged in Count three. The substantive drug charges are linked to Count three in that all defendants are charged with participating in a single conspiracy to distribute illegal narcotics.

As demonstrated, there is a common thread among all the counts and defendants charged in the indictment, specifically, the distribution of drugs. All the defendants are charged with facilitating the distribution of drugs. Joinder of the defendants and counts in a single indictment is, therefore, not only proper under Rule 8(b) but preferred in order to conserve limited judicial and prosecutorial resources.

Moreover, joinder of the RICO defendants with the non-RICO defendants is proper even though only two defendants are named in the RICO count. See United States v. Garcia. 848 F.2d 1324, 1332 (2d. Cir. 1987), rev'd on other grounds, Gomez v. United States, 490 U.S. 858 (1989); United States v. Weisman, 624 F.2d 118, 1129 (2d. Cir. 1980); United States v. Santoro, 647 F. Supp. 153, 178 (E.D.N.Y. 1986); United States v. Castellano, 610 F.Supp. 1359, 1396-97 (S.D.N.Y. 1985). Lark and are Crenshaw are charged in the RICO count and are alleged to have used their union positions to further the importation and distribution of narcotics as well as to extort "rank and file" union members. A major portion of the RICO charge relates to the distribution of drugs. Although

the RICO count also charges other union corruption in which the non-RICO defendants were not involved, all the RICO defendants were involved in facilitating the distribution of drugs. Thus, there is common thread linking all defendants and all counts in the indictment in that all defendants and all counts are related to the distribution of drugs charged in Count three of the indictment.

It is well settled that even if a defendant is not named in a RICO count he or she may be charged in a separate count in the indictment if he or she is alleged to have participated in the same series of acts or transactions involved in the RICO count. United States v. Garcia. 848 F.2d 1324, 1332 (2d. Cir. 1987), rev'd on other grounds, Gomez v. United States, 490 U.S. 858 (1989); United States v. Weisman, 624 F.2d 118, 1129 (2d. Cir. 1980); United States v. Santoro, 647 F. Supp. 153, 178 (E.D.N.Y. 1986); United States v. Castellano, 610 F.Supp. 1359, 1396-97 (S.D.N.Y. 1985). In this case, a substantial part of the RICO count involves the distribution of drugs, and all defendants and counts are linked together by the common thread of the conspiracy to distribute drugs with which all defendants are charged in Count three. Thus, joinder of the defendants in this case is proper under Rule 8(b).

   C. Joinder Is Not Prejudicial Under Rule 14

Defendants Gallo, Mchorne, Hall and Lampkin assert that they

are prejudiced by their joinder with the other defendants. The defendants all argue that the evidence against them is slight when compared with the evidence against the other defendants and that the jury would be unable to differentiate the evidence applicable to each defendant.[1] The evidence against all four defendants who have moved for severance is substantial and intertwined with the evidence against the other defendants. With appropriate jury instructions, the danger of unfair prejudice is minimal and insufficient to overcome the presumption that all defendants should be tried together

It is well settled that there is a strong presumption in favor of joint trials of defendant charged in the same indictment. Zafiro v. United States, 506 U.S. at 537. As observed earlier in this memorandum, the Eleventh Circuit has observed that "the general rule is that defendants indicted together should be tried together. This rule is particularly applicable in conspiracy cases." United States v. Cassano, 132 F.3d at 651 (quotations and citations omitted).

In Zafiro, the Court held that a severance should be granted "only if there is a serious risk that a joint trial would

---

[1] Defendants Hall and Lampkin also argue that severance is required under Bruton v. United States, 391 U.S. 123 (1968) in that post arrest statements of co-defendants implicate other co-defendants. The only post arrest statement that will be introduced is that of defendant Lawrence Seymore, and that statement does not implicate any defendant charged in the instant indictment--other than the defendant Seymore of course.

9

compromise a specific trial right of a properly joined defendant, or prevent the jury from making a reliable judgment about guilt or innocence." 560 U.S. at 539. The possibility that evidence against a co-defendant may spill over against other defendants is rarely sufficient to demonstrate compelling prejudice, particularly where the jury receives appropriate limiting instructions. <u>United States v. Cassano</u>, 132 F.3d at 651. The Eleventh Circuit has repeatedly held that a "defendant does not suffer compelling prejudice simply because much of the evidence at trial is applicable only to co-defendants." <u>United States v. Freyre-Lazaro</u>, 3 F.3d 1496, 1510 (11th Cir. 1993) (quotations and citations omitted); <u>United States v. Smith</u>, 918 F.2d 1501, 1510 (11th Cir. 1991).

<u>Defendant Gallo</u>

Gallo is charged with laundering over one million dollars in funds derived from the illegal distribution of drugs. Gallo's activities furthered the conspiracy by promoting the illegal distribution of drugs and hiding the source of the conspiracy's illegal income. In order to accomplish this the indictment charges that Gallo engaged in a series of complex financial transactions involving various pornography companies founded with the drug proceeds. Gallo is charged in counts 17-34 with substantive money laundering violations. In order to prove the case against Gallo, all the underlying drug activity that

generated the illegal money laundered by Gallo would have to be introduced into evidence. Thus, a separate trial of Gallo would last almost as long a single trial involving all the defendants. Because there is little danger of unfair prejudice that could not be cured by proper jury instructions, Gallo's motion for severance should be denied.

### Defendants Hall and Mchorne

Defendants Hall and Mchorne were involved in the distribution of the smuggled narcotics. Hall not only distributed drugs but accepted drug money in exchange for constructing and repairing houses for members of the conspiracy. Hall is charged in the Count three and with two substantive drug offense in Counts 38 and 43. Mchorne also assisted in the distribution of controlled substances and is charged in Count three with conspiracy to distribute drugs and with one substantive drug offense in Count 36. Hall and Mchorne are similar to any mid-level defendant in a drug conspiracy. Properly instructed juries have long been able to consider the appropriate evidence against each member of the conspiracy and render a fair verdicts. Hall and Mchorne have demonstrated only that other members of the conspiracy are more culpable. This fact, however, is insufficient to warrant a severance, because a "defendant does not suffer compelling prejudice simply because much of the evidence at trial is applicable only to co-defendants." United

States v. Freyre-Lazaro, 3 F.3d at 1510 (quotations and citations omitted); United States v. Smith, 918 F.2d at 1510.

Defendant Lampkin

Defendant Lampkin is a member of Teamster Local 390, who used his position as a stevedore to smuggle narcotics into the United States under the protection of Lark, the former President of Teamsters Local 390. Lampkin is charged in Count two with conspiracy to import drugs, in count three with conspiracy to distribute drugs and in count 37 with a substantive drug offense. Although other members of the conspiracy were more culpable, Lampkin occupied a crucial "blue collar" role as an off-loader of narcotics. He has failed in his heavy burden to demonstrate why a properly instructed jury would not be able to fairly consider the evidence against him. Consequently, his motion for a severance should be denied. United States v. Freyre-Lazaro, 3 F.3d at 1510; United States v. Smith, 918 F.2d at 1510.

IV <u>Conclusion</u>

The defendants motions for a severance are without merit and should be denied.

                            Respectfully submitted,

                            GUY A. LEWIS
                            UNITED STATES ATTORNEY

BY: _/s/ Michael J. Dittoe_
MICHAEL J. DITTOE
Assistant United States Attorney
Court ID #A5500209
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

BY: _/s/ Michael J. Dittoe_
TERRENCE THOMPSON
Assistant United States Attorney
Court ID #A5500063
500 E. Broward Blvd., Ste. 700
Ft. Lauderdale, FL 33394-3002
Tel: (954) 356-7392
Fax: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 5TH day of March, 2001 to:

Donald I. Bierman, Esq
Bierman, Shohat, Loewy & Klein, P.A.
800 Brickell Avenue, PH-2
Miami, FL 33131

(305) 358-7000
Attorney for Lark

Steve Kassner, Esq.
815 Ponce de Leon Blvd., Ste. 303
Coral Gables, FL 33134

(305) 461-2744
Attorney for Lampkin

Bruce H. Lehr, Esq.
1401 Brickell Ave., Ste. 810
Miami, FL 33131

(305) 377-1777
Attorney for Seymour

Larry Hanfield, Esq.
4770 Biscayne Blvd., Ste. 1200
Miami, FL 33137

(305) 576-1011
Attorney for Hall

Paul D. Lazarus, Esq.
800 Brickell Ave., PH-2
Miami, FL 33131

(305) 539-0606
Attorney for Crenshaw

Guy Speigelman, Esq.
28 W. Flagler St., Ste. 400
Miami, FL 33131

(305) 373-6634
Attorney for McHome

Reemberto Diaz, Esq.
1435 S. Miami Ave.
Miami, FL 33130

(305) 446-0001
Attorney for Hall

James D. Henderson, Esq.
12121 Wilshire Blvd., Ste. 1130
Los Angeles, CA 90025

(310) 478-3131
Attorney for Gallo

Martin R. Raskin, Esq.  
Grove Forest Plaza, Ste. 206  
2937 S.W. 27 Ave.  
Miami, FL 33133  

(305) 444-3400  
Attorney for Gallo  

William J. Cone, Jr., Esq.  
514 S.E. Seventh St.  
Ft. Lauderdale, FL 33301  

(954) 764-0570  
Attorney for Newton  

MICHAEL J. DITTOE  
ASSISTANT UNITED STATES ATTORNEY