UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF FLORIDA
MIAMI DIVISION



CASE NO.: 00-6311-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHARLIE HALL,

    Defendant,
_____/

### MOTION TO VACATE GUILTY PLEA

COMES NOW the Defendant, **CHARLIE HALL**, by and through his undersigned counsel, and for this Motion states:

1. On or about May 2, 2001, Defendant entered a plea of guilty to Money Laundering in the above-styled case. Defendant is currently scheduled for sentencing on October 5, 2001. Defendant was initially charged with Possession with Intent to Distribute Drugs, but a separate Information with the lesser charges was later filed.

2. Defendant has vehemently maintained his innocence to all of the charges brought against him. Because of Defendant's age (69), and the fact that the Defendant has never had any formal education (*i.e. grade school, high school or college*), undersigned counsel has become concerned that Defendant was not making his own voluntary decisions, when he pled guilty to the Money Laundering charge.

3. Undersigned counsel is also concerned about Defendant's guilty plea, due

to the fact, that the Co-defendant's in this case proceeded to Trial, and they were all found "not guilty" by the jury. The only witness against Defendant was an individual, according to the Government's theory, who had done drug transactions with the Defendant. Defendant has consistently and continuously denied this, and the jury evidently agreed that the Government's main witness is not credible. Defendant has maintained, all along, that the Government's witness had implicated him in exchange for a deal to reduce his own sentence.

4. Defendant requests an Evidentiary Hearing on this Motion.

WHEREFORE, Defendant prays that this Honorable Court will **GRANT** this Motion and vacate his guilty plea and set this case for Trial.

**ARGUMENT**

Defendant respectfully requests that this Honorable Court grant him an evidentiary hearing, so that he can present this Court with evidence of his innocence and have his plea vacated. In *Bousley v. United States*, *523 U.S. 615 (1998)*, the Supreme Court held that even where a defendant had procedurally defaulted a claim by failing to raise it on direct review, claim of actual innocence may be raised, by petition for habeas corpus relief, citing *Murray v. Carrier*, *477 U.S. 478, 496 (1986)*.

In *Bousley*, the Court further stated that "actual innocence", which would permit collateral review of a procedurally defaulted claim concerning a guilty plea to using a firearm in relation to a drug offense, meant factual innocence, not mere legal insufficiency. *Id. 523 U.S. at 615*.

2

In *Bousley*, the Court also stated that on remand, the defendant may attempt to make an "actual innocence" showing. It further held that, the Government is not limited to the existing record, but may present any admissible evidence of Petitioner's guilt, and that the *Petitioner's actual innocence showing* must also extend to charged that the *Government has foregone* in the course of plea bargaining. *Id. 523 U.S. at 615*.

As a result, this Court can see that the U.S. Supreme Court has carved out an exception for "actual innocence", even where a defendant is otherwise procedurally barred from raising it.

In this case, a judgment of conviction and sentence, has not yet been entered, therefore the Defendant, is in a better procedural posture than the Petitioner in *Bousley*, even though he has entered a guilty plea. The case law holds that a conviction based on a guilty plea is not a procedural bar to a showing of "actual innocence".

In *Jones v. United States, 153 F3d 1305 (11th Cir. 1998)*, the 11th Circuit recognized the same "actual innocence" test. In *Jones*, the Court remanded the case to the district court for a determination as to whether the defendant could avoid the procedural bar of failing to challenge his firearm conviction on direct appeal, on the theory that he was actually innocent (citing *Bousley, supra, and Murray, supra with approval*).

The *Jones* Court directed the district court to hold a hearing to determine the validity of defendant's actual innocence claim. The *Jones* Court also held that if the appellant satisfies the requirement of showing actual innocence, he will then be entitled to have his defaulted claim considered on the merits.

In this case, Defendant requests a similar form of relief, to vacate a plea to a charge

3

of which he is actually innocent, which could flow from an evidentiary hearing.

The 11th Circuit has recently encouraged the consideration of substance over form. In *Mederos v. United States*, 218 F. 3rd 1252 (11th Cir. 2000), the 11th Circuit held that the district court abused its discretion by not construing the defendant's second motion to vacate his sentence as an amendment that cured his initial motion's technical defect, which related back to his timely initial motion. In his actual innocence claim, even though he has already entered a plea of guilty.

In *Tannenbaum v. United States*, 148 F. 3rd 1262 (11th Cir. 1998), the Court held that a claim may still be reviewed in a collateral proceeding if a defendant can establish that the constitutional error in his plea colloquy "has probably resulted in the conviction of one who is innocent" (citing *Murray, supra*). This is exactly what has happened, in the instant case. Defendant stands convicted for something he did not do. The constitutional error lies in the fact that Defendant did not knowingly and voluntarily enter into this plea.

In *United States v. Hernandez-Fraire*, 208 F. 3rd 945 (11th Cir. 2000), the 11th Circuit held that the district court committed plain error by not having the defendant understand the consequences of his guilty plea, because the Government cannot rely on a defendant's prior criminal background to prove that he knows and understands his rights. The fact that the Defendant gave al the right answers during the plea colloquy, does not foreclose showing that he was under duress and that the Government had no credible proof of guilt.

Undersigned counsel, during his entire representation of Defendant, and up to this very moment, was concerned that Defendant was not making his own voluntary decisions.

4

It appeared that Defendant, in making his decisions, was relying too heavily on the fear of a long sentence, if the jury believed the informant, and suggestions of counsel and others.

WHEREFORE, Defendant prays that this Honorable Court will GRANT this Motion and vacate Defendant's guilty plea, or in the alternative, schedule an evidentiary hearing.

I, HEREBY CERTIFY that a true and correct copy of the foregoing was served by fax and U.S. mail to: Michael Dittoe, AUSA, U.S. Attorney's Office, 500 E. Broward Boulevard, Ft. Lauderdale, Florida, 33394 on this 20th day of July, 2001.

Respectfully submitted,

LARRY R. HANDFIELD, ESQ.
Florida Bar No. 330590
4770 Biscayne Boulevard
Suite 1200
Miami, Florida 33137
(305) 576-1011

5