UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER 00-6311-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

VS.

CHARLIE HALL.

    Defendant
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT CHARLIE HALL'S MOTION TO WITHDRAW HIS PREVIOUSLY ENTERED PLEA OF GUILTY

Comes now the United States and hereby files its Response to the Defendant Charlie Hall's Motion to Withdraw his previusly entered plea of guilty.

I Introduction

The defendant Hall entered a plea of guilty to money laundering in violation of 18 U.S.C. § 1956 in accordance with a plea agreement that provided narcotics trafficking charges would be dismissed against the defendant at the time of sentencing. In addition to the defendant Hall, the defendants John Gallo and Keith Lampkin also entered guilty pleas. Following the defendant's guilty plea, the remaining five defendants proceeded to trial. The five defendants who proceeded to trial were acquitted.

Now, the defendant Hall asserts that he is innocent and did not make a voluntary decision when he pled guilty. The defendant has offered no affidavit or other evidence in support of this proposition. The defendant's motion is without merit and should be denied.

II Applicable Legal Principles

Motions to withdraw pleas of guilty prior to the imposition of sentence are governed by well settled legal principles. The defendant has the burden of demonstrating a fair and just reason for the withdraw of the guilty plea. In deciding whether the defendant has met his burden the district court may consider the totality of the circumstances surrounding the plea. United States v. Buckles, 843 F.2d 469, 471-72 (11Th Cir. 1988)(leading Eleventh Circuit case on withdrawals of guilty pleas). In exercising its discretion, the district court should consider the following factors:

> 1) whether close assistance of counsel was available;
> 2) whether the plea was knowing and voluntary; 3) whether judicial resources would be conserved; and 4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988); Accord United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996).

It is well settled that a defendant's "mere declaration of innocence does not entitle a defendant to withdraw his guilty

2

plea. Guilty pleas would be of little value to the judicial system if a defendant's later conclusory assertion of innocence automatically negated his plea." United States v. Buckles, 843 F.2d 472-73. Accord United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988); United States v. Pike, 211 F.3d 385, 389 (7th Cir. 2000)("the district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to [his] admissions at the Rule 11 hearing."); United States v. Hill, 102 F.3d 118, 125 (5th Cir. 1996)("In any event, a claim of innocence, by itself, does not justify the withdrawal of a plea.")

### III Hall Should Not Be Allowed to Withdraw his Guilty Plea

In applying the four factors set forth above, and considering the totality of the circumstances, the defendant Hall has failed to demonstrate that fairness and justice mandate the withdrawal of his guilty plea. First, as demonstrated at the plea colloquy, the defendant had close assistance of counsel, with whom he indicated that he was satisfied. Defense counsel stated to the court that he had consulted with his client and that his client was fully capable of entering a voluntary plea of guilty.[1] Secondly, the questions and answers asked of the

---

[1] The United States is in the process of ordering the transcript of the guilty plea and the facts set forth in this memorandum are based on counsel's recollection concerning the guilty plea. A copy of the transcript will be filed upon its receipt by the government. The defendant, apparently, has not

3

defendant and his counsel during the course of the plea hearing demonstrate that the plea was voluntary and induced by no other reasons except those set forth in the plea agreement signed by all parties.

Thirdly, if the defendant were allowed to withdraw his guilty plea, the judicial resources of the United States would not be conserved in that a lengthy jury trial of this defendant would need to be undertaken. Fourthly, the government would be prejudiced during the course of that subsequent trial in that the defendant would have the benefit of cross-examining the primary government witness through the use of his prior trial testimony.

All the factors outlined by the Eleventh Circuit in <u>United States v. Buckles</u>, weigh against allowing the defendant to withdraw his guilty plea. The mere fact that the defendant now protests his innocence, following the acquittal of five defendants, does not in any manner require this court to reject the defendant's prior admission of guilt. <u>United States v. Buckles</u>, 843 F.2d at 469. The defendant has presented no evidence that his plea was coerced or involuntary.

Indeed, the facts before this court somewhat resemble those present in <u>United States v. Gonzalez-Mercardo</u>, 808 F.2d 796, 801 (11th Cir. 1987), in which the defendant moved unsuccessfully to

---

ordered a copy of his guilty plea in that it was not filed with his motion.

withdraw his guilty plea after several co-defendants had been sentenced to longer terms than had been anticipated. The Eleventh Circuit affirmed the denial of that motion in part because guilty pleas should not be used to test the weight of the potential sentence. Similarly, a defendant should not be allowed to withdraw his guilty plea because he now believes, following a trial of other defendants, that he would have won an acquittal at trial.

In support of his motion to withdraw his guilty plea the defendant cites a series of cases dealing with the actual innocence exception established by the Court in <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328 (1995) to procedurally defaulted claims raised in collateral attacks on convictions brought under the provisions of 28 U.S.C. § 2255. See <u>Bousley V. United States</u>, 523 U.S. 614 (1998); <u>Mederos v. United States</u>, 218 F.3d 1252 (11th Cir. 2000); <u>Jones v. United States</u>, 153 F.3d 1305 (11th Cir. 1998); <u>Tannenbaum v. United States</u>, 148 F.3d 1262 (11th Cir. 1998). These decisions concerning collateral attacks on convictions have no application whatsoever to a motion to withdraw a guilty plea.[2]

---

[2] The only case cited by the defendant that concerns a motion to withdraw a guilty plea is <u>United States v. Hernadez-Fraire</u>, 208 F.3d 945, 950 (11th Cir. 2000). In that case the district court, at the time of the defendant's guilty plea, failed to inform the defendant of his right to assistance of counsel, of his right to confront and cross-examine witnesses and of his right against self-incrimination. Because of this grossly

5

The cases cited by the defendant deal with collateral attacks on guilty pleas to charges under 18 U.S.C. §924(c), which prohibits the use of a firearm in connection with a narcotics trafficking offense. In <u>Bailey v. United States</u>, 516 U.S. 137, 144 (1995) the Court radically departed from prior precedent and required the government to establish that a defendant <u>actively</u> employed a firearm in order for there to be valid conviction under the use prong of 18 U.S.C. § 914(c). Subsequently, defendants filed claims asserting that they were factually innocent under the newly interpreted elements of § 924(c). The courts then generally allowed defendants in a § 2255 proceeding to demonstrate that the facts they admitted to at the guilty plea no longer constituted a crime and that, consequently, they were factually innocent.

The cases cited by defendant thus have no legal or factual application to the defendant's instant motion to withdraw his guilt plea. They simply stand for the reasonable proposition that when a defendant pleads guilty to a crime that is no longer a crime he may be permitted to demonstrate his factual innocence. The law remains unchanged, however, that "mere declaration of innocence does not entitle a defendant to withdraw his guilty

---

inadequate plea colloquy, the Eleventh Circuit reversed the district court's denial of the defendant's motion to withdraw his guilty plea. <u>Hernadez-Fraire</u> has no application to the case before the court in that the defendant Hall was fully and completely informed of his rights by the district court.

6

plea. Guilty pleas would be of little value to the judicial system if a defendant's later conclusory assertion of innocence automatically negated his plea." United States v. Buckles, 843 F.2d at 472-73. Accord United States v. Rogers, 848 F.2d at 168; United States v. Pike, 211 F.3d at 389; United States v. Hill, 102 F.3d at 125. Defendant has failed to carry his burden of demonstrating to the court that justice and fairness require that he be allowed to recant his prior admission of guilt.

IV Conclusion

The Defendant Hall's Motion to Withdraw Guilty Plea is without merit and should be denied by the Court.

>
> Respectfully submitted,
> GUY A. LEWIS
> UNITED STATES ATTORNEY
>
> BY: /s/ Michael J. Dittoe
> MICHAEL J. DITTOE
> Assistant United States Attorney
> Court ID #A5500209
> 500 E. Broward Blvd., Ste. 700
> Ft. Lauderdale, FL 33394-3002
> Tel: (954) 356-7392
> Fax: (954) 356-7230

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the foregoing was served, by United States mail, on Larry R. Handfield, Esq., 4770 Biscayne Boulevard, Suite 1200, Miami, Fl. 33137 on this 30th day of July 2001.

　　　　　　　　　　　　　　　　　　　　　／s／ Michael J. Dittoe
　　　　　　　　　　　　　　　　　　　　　MICHAEL J. DITTOE
　　　　　　　　　　　　　　　　　　　　　ASSISTANT UNITED STATES ATTORNEY