UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 00-6311-CR-HUCK-BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CHARLIE HALL,

    Defendants.
_____/



FILED by _____ D.C.

SEP 2 5 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## ORDER DENYING MOTION TO VACATE PLEA

THIS CAUSE is before the Court on Defendant, Charlie Hall's, Motion to Vacate Guilty Plea. On October 31, 2000 the Defendant was indicted on charges of: narcotics distribution conspiracy in violation of 21 U.S.C. § 846, possession with intent to distribute in violation of 21 U.S.C. § 841, and possession with intent to distribute in violation of 21 U.S.C. § 841. Seven co-defendants were indicted on similar charges.

Then on May 02, 2001 the Government Superseded the Indictment, by filing a one count Information, charging the Defendant Charlie Hall with, money laundering in violation of 18 U.S.C. § 1956. This case was set for trial on May 07, 2001. Prior to trial, Defendant Hall, and Defendants John Gallo and Keith Lampkin plead guilty to various offenses. The Defendant entered a plea of guilty to money laundering in exchange for the government dismissing the drug charges against him. At the May 2, 2000 proceeding on Defendant's guilty plea, the Court engaged the Defendant in an extensive plea colloquy. That colloquy established that the Defendant was fully advised of the nature of the charges against him, of his rights, of the consequences of his guilty plea, of the potential sentence that he may receive and other matters which affected his ability to make an informed and

voluntary guilty plea. The record establishes that Defendant was represented by and fully advised by competent counsel, with whom Defendant was fully satisfied. Defendant admitted under oath that he had committed the money laundering crime to which he was pleading guilty. At the conclusion of the colloquy, the Court determined that Defendant was competent and fully aware of the consequences of his guilty plea, which he knowingly and voluntarily made, and that his guilty plea was supported by the government's proffer of evidence sufficient to support Defendant is guilt.

Subsequent to Defendant's plea, five of the seven co-Defendants went to trial on a number of charges. After 17 days of trial, all were acquitted. Following these acquittals, Defendant filed this Motion to Vacate Guilty Plea.

The Court has reviewed Defendant's Motion, Defendants Supplemental Response to Government's Motion In Opposition, Government's response in opposition, the transcript of the plea colloquy and has heard oral argument on Defendant's Motion.

A guilty plea is constitutionally valid when it is voluntarily and intelligently made. Bousley v. United States, 523 U.S. 614, 618 (1998). When a defendant seeks to withdraw his guilty plea prior to sentencing, he has the burden of demonstrating to the Court's satisfaction a fair, just reason to set aside the plea. In deciding whether such a reason exists, the Court should consider all of the circumstances surrounding defendant's plea. In particular, the Court should consider:

> 1) whether close assistance of counsel was available; 2) whether the plea was knowing and voluntary; 3) whether judicial resources would be conserved; and 4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.

United States v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1988).

In this case, the case, the Court finds, after considering all of these factors, that the Defendant has not carried his burden of showing a fair, just reason for vacating his guilty plea. It is clear that

Defendant had close assistance of counsel. Defendant acknowledged that he had fully discussed his case, including possible defenses, with his counsel, and was fully satisfied with his counsel's advice and representation.

The plea colloquy reflects that Defendant's plea was made knowingly and voluntarily and that Defendant knew the consequences of his plea. The Court thoroughly discussed Defendant's rights, including his right to plead not guilty, which would put the government to the burden of proving his guilt beyond a reasonable doubt at jury trial. Defendant acknowledged that he understood his rights. The Defendant also acknowledged that, except for the plea agreement, which provided, among other thins, that the drug charges would be dismissed, he had not been offered any inducement, and he had not been coerced, to plead guilty; that he was pleading guilty because he was guilty of the crimes charged. After the government's proffer of the incriminating evidence against Defendant, he acknowledged that he understood what the government said he had done and, in fact, did what the government said he had done. The Defendant has a heavy burden to show that his unconditional admission of guilt, made under oath at a plea colloquy was false. Defendant has not carried his burden with regard to his sworn guilty plea.

It is obvious that vacating Defendant's guilty plea would not conserve judicial resources. To the contrary, it would substantially consume additional judicial resources. The trial of the five co-Defendants was complex, and lasted 17 days. Were Defendant's plea vacated, Defendant's trial would require a second, lengthy trial basically duplicating much of the first trial.

Finally, it seems clear that at the second trial, the government would be prejudiced. Defendant would have the benefit of seeing exactly what was the government's case, including the complete testimony of government witnesses which could be used in cross-examining them.

In support of his Motion, Defendant asserts that he is innocent of the charge to which he pled

guilty, in spite of his prior sworn admission of guilt. The Court finds that, in view of the extensive, sworn statement acknowledging his guilt and, the fact that his belatedly asserted innocence comes only after co-Defendants were acquitted, the interests of justice would not be served by vacating Defendant's plea. The Court is justified in viewing Defendant's reversal with suspicion, given it timing. United States v. Rogers, 848 F.2d 166 (11th Cir. 1988). The Court finds, as it did after the plea colloquy, that Defendant knowingly and voluntarily plea guilty to the money laundering charge. Therefore, the Defendant's Motion to Vacate Guilty Plea is DENIED.

DONE AND ORDERED in chambers, Miami, Florida, this 25h day of September, 2001.

Paul C. Huck
United States District Judge

Copies furnished to:

Magistrate Judge Stephen T. Brown

Donald I. Bierman, Esq.
Bierman, Shohat, Loewy, & Klein, PA
800 Brickell Avenue, PH-2
Miami, FL 33131

Steve Kassner, Esq.
815 Ponce de Leon Blvd., Ste. 303
Coral Gables, FL 33134

Bruce H. Lehr, Esq.
1401 Brickell Avenue, Ste. 810
Miami, FL 33131

Larry Hanfield, Esq.
4770 Biscayne Blvd., Ste. 1200
Miami, FL 33137

Martin R. Raskin, Esq.
Grove Forest Plaza, Ste. 206
2937 SW 27 Avenue
Miami, FL 33133

Michael J. Dittoe, Assistant U.S. Attorney

Paul D. Lazarus Esq.
800 Brickell Avenue, PH-2
Miami, FL 33131

Guy Speigelman, Esq.
28 W. Flagler Street, Ste. 400
Miami, FL 33131

Reemberto Diaz, Esq.
1435 S. Miami Avenue
Miami, FL 33130

James D. Henderson, Esq.
12121 Wilshire Blvd.
Los Angeles, CA 90025

William J. Cone Jr., Esq.
514 SE 7th Street
Ft. Lauderdale, FL 33301