

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**UNITED STATES OF AMERICA,**

    Plaintiff,                             Case No. **00-6311-Cr-Huck**

    -vs-

**CHARLIE HALL,**

    Defendant.
_____/

### DEFENDANT'S OBJECTIONS TO P.S.R.

**COMES NOW** the Defendant, **CHARLIE HALL**, by and through his undersigned counsel, pursuant to *Section 6A1.2 of the Final Draft of the Sentencing Guidelines and Policy Statement*, and pursuant to *Administrative Order 90-26*, hereby submits his objections to PSI and request for mitigation with respect to his upcoming sentencing:

1. The Defendant objects to the specific offense characteristic enhancement stated in paragraph fifty-five (55). There is simply no evidence to support the position that Defendant knew that the funds he received from Willie Jackson were in facts proceeds from narcotics transactions.



2. This Court is aware that Defendant has never admitted having knowledge that Willie Jackson was involved in narcotic activities. This was in fact a stumbling block in reaching the plea that has led to this sentencing proceeding.

3. The Government is aware from its own investigations and its subsequent debriefing of the Defendant, that while he accepted funds from Willie Jackson to pay for the cost of construction work he did not know that Mr. Jackson was involved in drug trafficking.

4. Throughout this entire case and up to and including the acceptance of the plea by the Court, the Defendant has never admitted that he knew that Mr. Jackson was involved in drug trafficking.

5. The Defendant also objects and pleas this Court to award him a two (2) level reduction for his role in the offense as the Defendant was nothing more than a minor participant. His role in the offense did not facilitate in any way, the success of the enterprise. He simply build or improved real estate for Mr. Jackson. A lawful activity, but for the fact that Defendant was paid in cash by Mr. Jackson.

6. A brief analysis of recent cases considering minor role would enhance and support Defendant's argument for this adjustment . In ***United States v. McDonald,***

*22 F.3d 139 (7th Cir. 1994)*, Mr. McDonald pleaded guilty to aiding and abetting the counterfeiting of U.S. currency. At his sentencing hearing, McDonald argued that he was entitled to a four (4) point reduction as a minimal participant. The district court adjusted McDonald's role as a minor participant and reduced his base offense level by two (2) points. In that case, McDonald was fully aware of each of the participants in the counterfeiting activity and assisted in each step of the process. The court held that although that knowledge of the activity could preclude a reduction for minimal role, it did not preclude a reduction for minor role because some assistance and an awareness of the criminal activity is consistent with minor participant. ***McDonald, 22 F.3d at 144***. In this case, there is no evidence to support that Charlie Hall even had knowledge of the criminal activity.

7. In ***United States v. Veloza, 83 F.3d 380 (11th Cir. 1996)***, the Court held that the fact that a courier plays an essential role in an importation scheme does not alone necessarily preclude him from receiving a reduction for a minor role. Clearly, in the case sub judice, the Defendant had no knowledge of the scope of the conspiracy and of the different roles assigned to different individuals.

8. Finally ***United States v. Rodriguez-DeVaron, 175 F3d 930 (11th Cir. 1999)***,

clearly dictates that under the facts of this case the Defendant's role in the offense should be reduced by at least two (2) levels.

**WHEREFORE**, the Defendant, **CHARLIE HALL**, respectfully requests that this Honorable Court find that his objections to the PSI are warranted and his Total Offense level should be reduced accordingly

Respectfully submitted,

**REEMBERTO DIAZ, P.A.**
Attorney for the Defendant
1435 South Miami Avenue
Miami, Florida 33130
Telephone: (305) 446-0001

By: _____
Reemberto Diaz, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed to **Michael J. Dittoe, Esq.**, at the Office of the United States Attorney, 500 East Broward Blvd., 7th Floor, Fort Lauderdale, Florida 33394; and to **Sara M. Garcia**, United States Probation Officer, at 300 NE 1st Avenue, Room 315, Miami, Florida 33132, on this 2nd day of January, 2002.

_____
COUNSEL

-3-