UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    CASE NO. 00-6311-CR-HUCK

CHARLIE HALL,

    Defendant,
_____/

### SUPPLEMENTAL OBJECTIONS AND MEMORANDUM OF LAW
### TO PRE-SENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, **CHARLIE HALL**, by and through his undersigned counsel, pursuant to *Section 6A1.2 of the Final draft of the Sentencing Guidelines and Policy* Statement, and pursuant to *Administrative Order 90-26*, hereby submits his supplemental objections and memorandum of law to the Presentence Report and states the following grounds in support thereof:

1. This is an unusual case where, according to the Government, a sixty-eight (68) year old construction laborer accepted payments for legitimate property improvement work from money he knew had come from unlawful activities. Otherwise, there is no credible evidence that Defendant participated in a drug distribution operation as contended by the Assistant United States Attorney. Defendant objects to the quantity of drugs attributed to him for the purpose of the base offense level of twenty (2) and contends that the offense level should be based on a quantity of less that 25 grams.

2. There are several insurmountable hurdles facing the Government which go not only to the sufficiency of evidence to convict, but also go to the



sufficiency of evidence to establish any quantity of drugs which can be attributed to Defendant.

A. **DRUG QUANTITY**

First, there are two (2) critical admissions made by the Government as reported in footnotes 6 & 7 on page 12 of the PSI. They are essentially, that no amount of cocaine can be attributed to Defendant.

Second, there is no evidence, direct of circumstantial, showing that Defendant had any knowledge that the money paid him through an attorney, for improvements made to real property, came from illegal activities of other defendant. It would make no difference if he had reason to believe that his customer was involved in criminal activities. Defendant can no more be a money launderer that any other person from who a drug dealer buys goods and services such as gardener, grocer, doctor or banker, so long as the essential goods and services do not promote the illegal activity.

The Government has the burden to prove contested sentencing factors and it must establish those factors with a preponderance of evidence. **United States v. Lawrence**, 47 F.3d 1559 (11th Cir. 1995). It cannot carry its burden relying on the facts as set out in the Presentence Report which are often figments of the prosecutor's imagination. In this case the probation officer's assessment of the Defendant's involvement comes from the prosecutor. The probation officer also notes that the same evidence relied upon by the Government was rejected by a jury in the case against other defendants.

*Lawrence* is quite instructive. There the appellate court held that the prosecutor's proffers and the defendant's admissions at a Rule 11 hearing did not support the trial court's findings as to quantity of cocaine to eh attributed to the defendant for sentencing.

In the absence of competent evidence as to quantity of drugs the court must use the lowest quantity recognized in the guidelines. The amount is "less that 25 grams" with a base offense level of twelve (12). §2D1.1(c)(14).

B. **CRIMINAL HISTORY**

The Defendant's criminal history should be I not II. One of the two points is based on a seventeen (17) year old conviction for a marijuana conspiracy for which the Defendant was sentenced to three (3) years probation. The Court should discard both parties because of their age, or make a finding that the criminal history two overstates the seriousness of the Defendant's history considering the nature of the offense, the Defendant's age and likelihood of future criminal activity and the passage of time.

Section 4A1.2(e) is clear that any prior sentence of imprisonment more than fifteen (15) years old is not to be counted. Any prior sentence not involving imprisonment should not be counted is it was not imposed within ten (10) years of the defendant's commencement of the instant offense. Neither of the two (2) prior convictions considered in the PSR resulted in imprisonment and both are more that ten (1) years old.

The base offense level as states in paragraph 54 should be 12, not 20. The three level enhancement for Specific Offense Characteristics, based on the

Defendant's alleged knowledge that the funds paid to him for a legitimate service were proceeds of an unlawful activity, should be deleted because it is not supported by credible evidence. The commentary to § 2S1.1, explaining Title 18 U.S.C. § 1956, is that the enhancement applies where "transactions are intended to facilitate the criminal activity, or conceal the nature of the proceeds or avoid a transaction reporting requirement." There is no evidence that Defendant had any such purpose.

C. **MOTION FOR DOWNWARD DEPARTURE**

The Defendant is entitled to a four (4) level downward adjustment of the offense level based on a minimal role based on U.S.S.G. (Sentencing Guidelines – 3B1.1) support for the adjustment is to be found in the PSI, particularly paragraph 40, which alleges that Defendant's role was to lauder approximately $100,000.00 in drug proceeds. In other places of the PSI the operation is described as involving more than $4,000,000.00. There are no allegations or evidence as to what Defendant was paid for alleged laundering the "approximately $100,000.00" in drug proceeds. At the least, Defendant is entitled to a three (3) or (2) level downward adjustment for a minor role.

D. **CONCLUSION**

In light of the absence of evidence showing that a quantity of drugs in excess of five (5) grams can be attributed to Defendant the base offense level should be (12). Because there is no evidence that Defendant laundered money or otherwise promoted an unlawful activity while providing a legitimate service in the course of his regular employment the three (3) level enhancement should be deleted. Based

on the Government's showing that Defendant's involvement in a criminal enterprise, compared to that of others was minimal, at the most, he is entitled to a four (4) level downward adjustment of the offense level.

With a criminal history point of one or less, the Defendant is entitled to the safety valve provision and a downward adjustment of two (2) offense levels.

| | |
|---|---|
| Base Offense Level | 12 |
| Adjustment for Role in the Offenses | -4 |
| Safety Valve Adjustment | -2 |
| Adjustment for Acceptance of Responsibility | -3 |
| **Total Offense Level** | **3** |

With a criminal history of I instead of II, the Defendant falls into zone A of the guidelines § 5C1.1, so that the Court may impose a sentence which does not require imprisonment.

WHEREFORE, the Defendant, CHARLIE HALL, respectfully request that this Honorable Court find that his objections to the PSR are warranted and his Total Offense Level should be reduced accordingly.

Respectfully submitted,

_____
LARRY R. HANDFIELD, ESQ.
**Florida Bar No. 330590**
4770 Biscayne Boulevard
Suite 1200
Miami, Florida 33137
(305) 576-1011

5

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that a true and correct copy of the foregoing was served by fax and U.S. mail to: **(954) 356-7230 (fax)**, Michael Dittoe, AUSA, U.S. Attorney's Office, 500 E. Broward Boulevard, 7th Floor, Ft. Lauderdale, Florida, 33394; **(305) 523-5496 (fax)**, Sara M. Garcia, USPO, 300 N.E. 1st Avenue, Suite 315, Miami, Florida, 33132; **(305) 358-0212 (fax)**, Reemberto Diaz, Esq., 1435 S. Miami Avenue, Miami, Florida, 33130 on this 9th day of January, 2002.

BY: _____
LARRY R. HANDFIELD, ESQ.